Submitted August 21, Ballot Measure Explanatory Statement certified as modified August 29, 1990

# Jack L. SOLLIS,
*Petitioner,*

*v.*

# Beulah HAND,
# James M. Dixon, John Lobdell, Dave Gilbert and Chuck Mendenhall,
*Respondents.*

(SC S37380)

796 P2d 1188

Jack L. Sollis, petitioner *pro se,* filed the petition.

John A. Reuling, Assistant Attorney General, Salem, filed an answering memorandum for Barbara Roberts, Secretary of State. With him on the memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael C. Zusman, of Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland, filed a brief on behalf of *amici curiae* Edwin Nutbrown *et al.*

GRABER, J.

## GRABER, J.

In this original proceeding, petitioner challenges the Explanatory Statement for Ballot Measure No. 3,[1] to be printed in the Voters' Pamphlet for the next general election. We modify the statement and certify it as modified.

■ We first address a preliminary procedural point. Petitioner names as respondents the members of the committee of citizens, who were appointed pursuant to ORS 251.205 to prepare the statement. He does not, however, name the Secretary of State.[2] She is a proper party respondent, because she is the chief election officer of the state and is the official to whom this court is directed to certify an explanatory statement. ORS 246.110; ORS 251.235; *Teledyne Industries v. Paulus,* 297 Or 665, 668-70, 687 P2d 1077 (1984).

Nonetheless, the Secretary of State need not be named as a respondent in order for us to proceed. The statutes that govern the process of challenging explanatory statements do not require that she be made a party. ORS 251.205 to 251.235. It is sufficient if a petition to review an explanatory statement designates the members of the citizen committee as respondents. *See Teledyne Industries v. Paulus, supra* (petition to review explanatory statement was sufficient where it designated the Secretary of State, but not the members of the committee, as respondent).

We turn to the merits. The citizen committee prepared this Explanatory Statement for Ballot Measure No. 3:

"Measure 3 is House Bill 3508 which, before becoming law, was referred to Oregon voters by referendum petition for acceptance or rejection. This bill is the response of Oregon's 65th Legislative Assembly to the March 28, 1989 U.S. Supreme Court Decision of Davis v. Michigan affirming the

---

[1] The text of Ballot Measure No. 3 is lengthy. We do not reproduce it here, because its inclusion would not aid readers of this opinion.

[2] The Attorney General filed an answering memorandum on behalf of the Secretary of State. Petitioner does not challenge the appropriateness of that procedure. ORAP 11.30(3) requires a petitioner to serve the Secretary of State and the Attorney General with a copy of every petition, and ORAP 11.30(6) and (7) provide that the Attorney General may file an answering memorandum on behalf of the respondent, including the respondent in a petition to review an explanatory statement. *See Teledyne Wah Chang Albany v. Powell,* 301 Or 590, 594 n 2, 724 P2d 319 (1986) (Attorney General followed same procedure as here).

Federal Public Employees Tax Act of 1939 (4 USC 111). The effect of the U.S. Supreme Court ruling is that the state's tax treatment of federal retirement income must be the same as that of state retirement income.

"Under Oregon law now in effect, all state and local public retirees have full exemption from state income taxation on their public pensions. Federal retirees have up to a $5,000 exemption under certain circumstances.

"If put into effect, Measure 3 would:

"(1)   Provide up to $5,000 exemption for all federal, state and local government retirees age 62 or over. This exemption would be reduced dollar for dollar for all household income over $30,000. It becomes zero at $35,000. This exemption would not be provided for private retirees.

"(2)   Provide that the pensions of federal, state, and local government retirees would be taxed alike. For 1989 and 1990 tax years, retirees belonging to the Public Employees' Retirement System (PERS) would have the amount of their taxes on state pensions refunded to them with 11 percent interest later in the year. No tax refunds would be made to federal retirees, private retirees, or to Oregon public retirees outside PERS (such as Portland police and fire, and assorted districts, cities, and counties). The PERS reimbursement would end after the 1990 tax year.

"Responsibility for financing repayments to PERS retirees would be levied upon PERS employers (School Districts, cities, counties, state government, etc.). From Oregon's general fund an appropriation of $18 million (the state estimate of 1989 PERS retiree pension taxes) would be used to make tax refunds for 1989 on behalf of PERS employers. Payment for 1990 PERS state pension income taxes would fall in the next biennium. Financial assistance for 1990 on behalf of PERS employers would be up to the next legislature.

"HB 3508 would limit the rights of PERS members to the extent those rights come into existence after the effective date of HB 3508. Under HB 3508, any right to receive benefits that comes into existence after the effective date of HB 3508 may be modified or eliminated by the legislature unless the right to the benefits has accrued and the benefits have been paid for.

"HB 3508 would establish a Task Force from the legislature to study the issue of equitable retiree taxation.

"A 'YES' vote would put HB 3508 into effect on December 6, 1990. A 'NO' vote would reject the bill and retain current law."

■      The committee's explanation must be "an impartial, simple and understandable statement explaining the measure and its effect" in 500 words or less. ORS 251.215(1). A dissatisfied person who seeks a different statement from the Supreme Court must state "the reasons the statement filed with the court is insufficient or unclear." ORS 251.235.

> "The court must test the statement filed with the Secretary of State against the ORS 251.215(1) requirement that the statement be 'impartial, simple and understandable.' The requirement in ORS 251.215(1) that the statement explain the measure must be read with the insufficiency ground for challenge under ORS 251.235. Lack of impartiality is not specified as a ground for challenge, but impartiality is a requisite for sufficiency." *Teledyne Wah Chang Albany v. Powell,* 301 Or 590, 592, 724 P2d 319 (1986).

However, "our task is not to write a better statement, but only to determine whether the explanatory statement is a sufficient and clear statement of the measure and its effect." *Id.* at 593. *Accord, MacAfee v. Paulus,* 289 Or 651, 655, 616 P2d 493 (1980).

■      Petitioner contends that the Explanatory Statement is insufficient or unclear in six respects. First, he asserts that the first paragraph should be stricken, because it "is made up of extraneous material not in the bill and is unclear and biased." He does not point out in what way the first paragraph is unclear or biased, and we find that it is not. Nothing in ORS 251.215(1) prohibits the inclusion of background information that describes the circumstances giving rise to the measure, so long as the information does not render the statement insufficient or unclear.

■      Petitioner's second complaint is that the explanation uses the terms "retirement income," "public pensions," "pensions," and "benefits," in various places to describe retirement benefits. He argues that the Explanatory Statement is "unclear, incomplete and confusing," because it uses multiple terms for the same concept. Our response is twofold. First, in some cases, the different terms describe different concepts. For example, the second paragraph describes an exemption from state income taxation on "public pensions," which is limited to retirement benefits from a public employer. In contrast, the word "benefits" in the fifth paragraph has a broader

meaning. Second, even where a single concept is intended, the use of more than one term is not confusing. For instance, the first paragraph refers to federal and state "retirement income," whereas the second paragraph contains the short-hand, public "pensions." We find that each term is used appropriately in the text and that none of the places in which one of them appears is unclear, incomplete, or confusing.

Third, petitioner asserts that the first three sentences of the third paragraph are "incomplete." He does not suggest what information has been omitted or why that omission makes the challenged passage insufficient. We find that the disputed sentences are sufficient.

■    Petitioner next argues that we should delete the last sentence in subsection (1) of the third paragraph, which states: "This exemption would not be provided for private retirees." Similarly, he argues that we should delete the third sentence in subsection (2) of the same paragraph: "No tax refunds would be made to federal retirees, private retirees, or to Oregon public retirees outside PERS (such as Portland police and fire, and assorted districts, cities, and counties)." He contends that the subject of those sentences is outside the scope of the measure and belongs in an argument for or against the measure.

We agree. Those sentences do not describe the measure or its effect but, instead, expressly describe its lack of effect on particular groups. The selection of a few "non-effects" is not "impartial," ORS 251.215(1), because it may suggest a "no" vote to the groups who are singled out. In addition, the sentences are insufficient, because they are potentially misleading. A reader reasonably might conclude, incorrectly, that a person who retired from government service, but who later worked for a private employer (or other non-PERS employer) from which the person also retired, is not entitled to the exemption.

■    Fifth, petitioner challenges the use of the words "refund" and "tax refund" to describe the amounts that would be paid if the measure passes. According to petitioner, those phrases are insufficient, because they do not accurately reflect what the measure says and because they are biased in favor of a "no" vote. In view of our decision on the first point, we need not reach the second.

The Attorney General responds that, although petitioner is "technically correct" that there would be no "tax refund," the explanation conveys the economic reality of the mechanism that the measure would establish. Whatever might be the merits of that characterization in the eyes of an economist, we hold that the use of the terms "refund" and "tax refund" is nonetheless insufficient to describe the measure. When the legislature intends to call something a "refund," it says so clearly. *See, e.g.,* ORS 305.760 to 305.790 (refund of tax invalidly paid); ORS 314.415 (refund of overpayments of income tax). It has not done so here.

> "In any event, we do not believe that ORS 251.235 meant to call on this court to settle disputes over the meaning of a measure in reviewing and certifying explanatory statements, especially since Voters' Pamphlet statements in turn become 'legislative' history when that meaning later is disputed by persons affected by the measure in a concrete case." *MacAfee v. Paulus, supra,* 289 Or at 655.

Moreover, the use of the terms "refund" and "tax refund" in the explanation is unclear, because it differs from the phrasing of the ballot title, which reads: "REPEALS TAX EXEMPTION, GRANTS *ADDITIONAL BENEFIT PAYMENTS* FOR PERS RETIREES." (Emphasis added.) *See Hand v. Roberts,* 309 Or 430, 788 P2d 446 (1990) (this court reviewed and certified, unmodified, the ballot title prepared by the Attorney General to which this Explanatory Statement relates). It is confusing to have one characterization in the ballot title and a completely different one in the explanatory statement, because they appear together in the Voters' Pamphlet. ORS 251.185. Accordingly, we conclude that the statement is insufficient and unclear in its characterization of the payments.

Petitioner's final point is that the last paragraph of the explanation is "unclear and incomplete." His petition does not describe what is unclear or what information is missing. We do not find the last paragraph to be deficient.

Pursuant to ORS 251.235, we certify to the Secretary of State the following Explanatory Statement:

BALLOT MEASURE NO. 3

REPEALS TAX EXEMPTION,
GRANTS ADDITIONAL BENEFIT PAYMENTS
FOR PERS RETIREES

Referred to the electorate of Oregon by referendum petition to be voted on at the general election, November 6, 1990.

## EXPLANATION

Certified by the Supreme Court pursuant to ORS 251.235.

Measure 3 is House Bill 3508 which, before becoming law, was referred to Oregon voters by referendum petition for acceptance or rejection. This bill is the response of Oregon's 65th Legislative Assembly to the March 28, 1989, U.S. Supreme Court Decision of Davis v. Michigan, affirming the Federal Public Employees Tax Act of 1939 (4 USC 111). The effect of the U.S. Supreme Court ruling is that the state's tax treatment of federal retirement income must be the same as that of state retirement income.

Under Oregon law now in effect, all state and local public retirees have full exemption from state income taxation on their public pensions. Federal retirees have up to a $5,000 exemption under certain circumstances.

If put into effect, Measure 3 would:

(1)   Provide up to $5,000 exemption for all federal, state, and local government retirees age 62 or over. This exemption would be reduced dollar for dollar for all household income over $30,000. It becomes zero at $35,000.

(2)   Provide that the pensions of federal, state, and local government retirees would be taxed alike. For 1989 and 1990 tax years, each retiree belonging to the Public Employees' Retirement System (PERS) would receive an additional benefit payment later in the year. The amount of the payment would equal the state income tax that is attributable to the PERS benefits paid to that person, plus 11 percent interest on that amount calculated from the due date of the person's tax return or the date the tax is paid, whichever is later. The additional benefit would end after the 1990 tax year.

Responsibility for financing the additional benefit payments to PERS retirees would be levied upon PERS employers (school districts, cities, counties, state government, etc.). An appropriation of $18 million (the state's estimate of 1989 PERS retiree pension taxes) from Oregon's general fund would be used to make the payments for 1989 on behalf of PERS employers. Payments for 1990 would fall in the next biennium. Financial assistance for 1990 on behalf of PERS employers would be up to the next legislature.

HB 3508 would limit the rights of PERS members to the extent those rights come into existence after the effective date of HB 3508. Under HB 3508, any right to receive benefits that

comes into existence after the effective date of HB 3508 may be modified or eliminated by the legislature unless the right to the benefits has accrued and the benefits have been paid for.

HB 3508 would establish a Task Force from the legislature to study the issue of equitable retiree taxation.

A "YES" vote would put HB 3508 into effect on December 6, 1990. A "NO" vote would reject the bill and retain current law.

Ballot Measure Explanatory Statement certified as modified.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this certified Ballot Measure Explanatory Statement will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment on September 5, 1990, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator by 5 p.m. on September 4, 1990. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration.