Argued and submitted March 22, ballot measure explanatory statement certified March 23, 2000

## Don McINTIRE,
*Petitioner,*

*v.*

## Max WILLIAMS,
Neil Bryant, Ben Westlund,
Rick Metsger, and Lane Shetterly,
*Respondents,*

*and*

## Hardy MYERS,
Attorney General
for the State of Oregon,
*Intervenor.*

(SC S47275)

998 P2d 659

Gregory W. Byrne, Portland, argued the cause and filed the petition for petitioner.

Gregory A. Chaimov, Legislative Counsel, Salem, argued the cause and filed an answering memorandum for respondents.

Philip Schradle, Assistant Attorney General, Salem, filed the answering memorandum for intervenor. With him on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

In this original proceeding, petitioner challenges the explanatory statement for Ballot Measure 79 (2000), which was referred to the people by the 1999 Legislature. *See* ORS 251.205 (providing for creation and manner of selection of committee of five citizens to prepare explanatory statement for measures referred by legislature); ORS 251.215 (providing for preparation and filing of explanatory statement by committee). The measure would amend Article IV, section 1, of the Oregon Constitution, by increasing the percentage of signatures required to initiate a proposed amendment to the Oregon Constitution from eight percent of all qualified voters voting for candidates for governor at the last election at which a governor was being elected to a full term to 12 percent of such qualified voters.

After the explanatory statement committee prepared and filed the explanatory statement at issue, the Secretary of State held a hearing to receive comments on the statement. Petitioner offered suggestions for changes to the explanatory statement at that hearing. Petitioner therefore is entitled to seek a different explanatory statement in this court. ORS 251.235; *see also Homuth v. Keisling (S39531)*, 314 Or 214, 218, 837 P2d 532 (1992) (ORS 251.235 authorizes Supreme Court review only when any person offered suggestions at Secretary of State's hearing).

The committee is directed by statute to prepare an explanatory statement that is an "impartial, simple and understandable statement explaining the measure." ORS 251.215(1). This court's task is to determine whether the explanatory statement contains a sufficient and clear statement explaining the measure. *See Sizemore v. Myers*, 327 Or 456, 459, 964 P2d 255 (1998) (so stating); ORS 251.235 (authorizing court to consider challenges to explanatory statement on grounds that statement is "insufficient or unclear"). The burden is on the challenger to demonstrate that the explanatory statement is insufficient or unclear. *June v. Roberts*, 310 Or 244, 248, 797 P2d 357 (1990).

Petitioner does not argue that the explanatory statement prepared under ORS 251.215(1) is partial. Instead, he

contends that the statement should be modified in two related respects to explain the measure more clearly. Petitioner first argues that the single sentence that makes up the fourth paragraph of the explanatory statement should be modified. The sentence presently states: "Measure 79 increases the number of signatures required for initiative amendments to the Constitution from eight percent to 12 percent of the total number of votes cast for all candidates for Governor at the last election at which a Governor was elected for a full term." Petitioner would substitute the following sentence: "Measure 79 increases the number of signatures required for initiative amendments to the Constitution by 50 percent, from eight percent to 12 percent." The proposed change is necessary, petitioner asserts, because the present explanatory statement fails to make clear the magnitude of the change that would be effected by adopting the measure, *i.e.*, the statement fails to state explicitly that the change effected by the measure would represent a 50 percent increase in the number of signatures required.

We reject petitioner's argument that, without the amendment that he urges, the explanatory statement is either "insufficient" or "unclear." The statement presently requires no more than the simplest arithmatic calculation for the voters to reach the same conclusion that petitioner wishes to have made explicit.

■     Petitioner also argues that the explanatory statement should be modified by adding the following sentence to the statement: "If Measure 79 were in effect today, the required number of signatures to initiate a constitutional amendment would increase from approximately 89,000 to approximately 134,000 qualified signatures." We assume the correctness of the mathematics. We disagree, however, that the explanatory statement, as it presently is written, is either "insufficient" or "unclear" without the additional sentence. If anything, insertion of the example that petitioner proposes could mislead voters into believing that the number of votes cast for the office of governor in 1998 somehow always will be relevant to the number of signatures that must in future be obtained, should the proposed measure be approved.

We hold that the explanatory statement prepared and filed by the explanatory statement committee is neither insufficient nor unclear in any respect argued by petitioner. Accordingly, we certify the following explanatory statement for Measure 79 to the Secretary of State:

Measure 79 amends the Oregon Constitution to increase the number of signatures needed to place an initiative amendment to the Oregon Constitution on the ballot.

The Oregon Constitution allows the people to directly propose amendments to the Oregon Constitution through the initiative process. The people may propose an initiative amendment to the Constitution by a petition signed by a specified number of qualified voters. If the petition contains the required number of signatures, an election is held on the proposed amendment.

Currently, to qualify for the ballot, a petition amending the Constitution must be signed by a number of qualified voters equal to eight percent of the total number of votes cast for all candidates for Governor at the last election at which a Governor was elected for a full term.

Measure 79 increases the number of signatures required for initiative amendments to the Constitution from eight percent to 12 percent of the total number of votes cast for all candidates for Governor at the last election at which a Governor was elected for a full term.

If approved, Measure 79 applies only to initiative amendments to the Constitution to be voted on after the November 2000 general election.

Ballot measure explanatory statement certified. Under ORAP 1.20(4) and notwithstanding ORAP 11.30(10), this opinion will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment at 12:00 p.m. on March 27, 2000, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator by that time. Any timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on such petition.